IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACKIE DON WHITE,

    Petitioner,                                No. CIV S-00-0885 FCD EFB P

    vs.

M.C. KRAMER,

    Respondent.                            FINDINGS AND RECOMMENDATIONS

                                  /

       Petitioner is a state prisoner without counsel proceeding on a motion to have his federal habeas petition reinstated. *See* Fed. R. Civ. P. 60(b). For the reasons explained below, the motion must be denied.

**I.    Procedural History**

       On April 21, 2000, petitioner filed an application for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner then moved for voluntary dismissal of the petition in order to exhaust additional claims in state court. Docket No. 25. The motion was granted and the petition was dismissed on July 27, 2001.

       Although petitioner has proceeded in pro se in this action, he retained an attorney in September 2000 for purposes of his state proceedings. Resp.'s Opp'n at 4:16-17; *In re Jackie Don White*, 121 Cal.App.4th 1453, 1464 (2004). In December 2003, through his attorney

1 petitioner filed a petition for habeas relief in the Third Appellate District of California. *In re*
2 *Jackie Don White*, 121 Cal.App.4th at 1472. In an opinion dated September 1, 2004, that court
3 found that the attorney had filed a patently frivolous and contemptuous petition. *Id.* at 1477,
4 1480.[1]
5 　　　On September 5, 2007, petitioner filed the instant motion, asking that the court reinstate
6 his petition because his attorney incorrectly advised him to dismiss this action and because his
7 attorney also filed a frivolous habeas petition on behalf of petitioner in the state appellate court.

**II.    Rule 60(b) Standard**

　　　Rule 60(b) provides several bases for relief from judgment or order:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> 　　　(1) mistake, inadvertence, surprise, or excusable neglect;
>
> 　　　(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> 　　　(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> 　　　(4) the judgment is void;
>
> 　　　(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> 　　　(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

////

////

---

[1] The state appellate court instructed petitioner that he could file a new petition for writ of habeas corpus in the superior court, and that the period of time between when petitioner retained his attorney and the date of the court's decision would not be counted against him with respect to the delay in filing a new habeas corpus petition in the superior court. *In re Jackie Don White*, 121 Cal. App. 4th at 1488.

There is a time limit for filing motions under Rule 60(b):

(c) Timing and Effect of the Motion.

> (1) Timing.  A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(c)(1).  Insofar as not inconsistent with any applicable statute or with the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure apply in habeas proceedings.  Rule 11, Rules Governing Section 2254 Cases.  The United States Supreme Court has made clear that "[r]ule 60(b) has an unquestionably valid role to play in habeas cases." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) (habeas petitioner may move for relief from judgment under Rule 60(b) so long as the motion is not the equivalent of a successive petition).

**III.   Analysis**

Since petitioner does not specify which subdivision of Rule 60(b) he relies upon in bringing the instant motion, the court must determine which subdivision, if any, can provide him with the relief requested.  Petitioner's motion was made over six years after this court dismissed his action.  Thus, his motion comes too late to qualify for relief under Rule 60(b)(1), (2) or (3).  Further, petitioner's motion does not fall within the scope of Rule 60(b)(4) or (5).  Accordingly, the court will analyze petitioner's motion under Rule 60(b)(6), which permits relief "for any other reason" if such motion is brought within a reasonable time.  Fed. R. Civ. P. 60(b)(6).

"Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice.  The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (Rule 60(b)(6) relief available only under "extraordinary circumstances").  An attorney's gross negligence may constitute extraordinary circumstances for purposes a Rule 60(b)(6) motion.  *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170-71 (9th Cir. 2002) (finding that extraordinary circumstances existed where attorney

"virtually abandoned his client" by failing to defend the client in defiance of court orders); *see also Moore v. United States*, 262 Fed. Appx. 828, 828-29 (9th Cir. 2008).

The fact that petitioner's attorney allegedly misadvised him to dismiss this action is not sufficient to establish the requisite "extraordinary circumstances" for granting relief under Rule 60(b)(6). *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101-02 (9th Cir. 2006) ("A party will not be released from a poor litigation decision made because of inaccurate information or advice even if provided by an attorney."); *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)."); *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (holding that neither ignorance nor carelessness on the part of the litigant or his attorney provides grounds for relief under Rule 60(b)(1) or 60(b)(6)). Furthermore, even though the state appellate court determined that petitioner's attorney had filed a frivolous and contemptuous petition in that court, this has no bearing on whether the attorney was grossly negligent with respect to this action, where plaintiff was proceeding in pro se.

Finally, even if petitioner had made a showing sufficient to justify relief under Rule 60(b)(6), it is doubtful that petitioner brought the instant motion "within a reasonable time" as required by Rule 60(c)(1). What constitutes a reasonable time "depends on the facts of each case." *In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989). Relevant to the determination of timeliness are "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). Plaintiff filed the instant motion on September 5, 2007, six years after this court dismissed his action and over three years after the state appellate court found that petitioner's attorney had filed a frivolous and contemptuous petition in

////

////

4

that court. Notwithstanding the number of years that have passed, petitioner offers no explanation as to why he did not file this motion sooner.[2]

**IV. Conclusion**

For the reasons explained above, petitioner has not demonstrated that he is entitled to relief from the judgment. Accordingly, it is hereby RECOMMENDED that petitioner's September 5, 2007, motion to reinstate be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 15 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 15, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court observes that on March 26, 2007, petitioner first filed this motion in the wrong action. *See* Case No. 2:06-cv-02441 JKS CMK, Docket No. 15. In an order dated January 11, 2008, that court denied his motion without prejudice to refiling it in this action. Even counting March 26, 2007 as the date that petitioner filed the instant motion, it is still unlikely that the motion would be considered to have been filed within a reasonable time.